NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ANTHONY WAYNE SEDA,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent.*

_____

2012-3173

_____

Petition for review from the Merit Systems Protection Board in Nos. PH0752100382-B-1 and PH0752100382-I-1.

_____

Decided: February 8, 2013

_____

ANTHONY WAYNE SEDA, of Aberdeen, Maryland, pro se.

MICHELLE R. MILBER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, KENNETH M. DINTZER, Assistant Director.

_____

Before LOURIE, PROST, and WALLACH, *Circuit Judges.*

PER CURIAM.

Anthony W. Seda appeals *pro se* from the final decision of the Merit Systems Protection Board (the "Board") regarding his removal by the Department of the Army (the "Army") and the denial of his whistleblower reprisal affirmative defense. *Seda v. Dep't of the Army*, No. PH-0752-10-0382-B-1 (M.S.P.B. Oct. 19, 2011) (whistleblowing); *Seda v. Dep't of the Army*, No. PH-0752-10-0382-I-1 (M.S.P.B. June 22, 2011) (removal). Because the Board's decisions were supported by substantial evidence and not arbitrary and capricious, we affirm.

## BACKGROUND

Seda worked for the Social Security Administration prior to his employment with the Army. He was fired from that job. Within five years, the Army's Adelphia Civilian Personnel Advisory Center (CPAC), Aberdeen Proving Ground, Maryland, appointed Seda as an excepted service Human Resources Specialist. In relation to this appointment, Seda submitted a Declaration of Federal Employment (the "Declaration"). Question 12 to that form asked:

> During the last five years, have you been fired from any job for any reason, did you quit after being told that you would be fired, did you leave any job by mutual agreement because of specific problems, or were you debarred from Federal employment by the Office of Personnel Management or any other Federal agency?

J.A. 16. In response to the question, Seda checked the "No" box. *Id.*

After being hired by the Army, Seda complained to his supervisor that the Army had set his salary at a rate not

commensurate with his qualifications. While investigating that complaint, the Army discovered that Seda was fired from his prior federal service and hence that the statement on his Declaration was a misrepresentation. The Army then issued a notice of termination during Seda's probation period based on the misrepresentation, effective January 15, 2010.

Prior to that effective date, Seda wrote to his Congressman regarding his complaint that the Army hired him at the wrong GS level. Seda also complained to the Office of Special Counsel concerning his removal. The Army subsequently rescinded its original termination notice because Seda, as a preference-eligible veteran, had completed his probationary period. Accordingly, the Army then issued a second notice of proposed removal dated February 4, 2010. Seda responded to the second notice, and the Army thereafter issued a notice of decision to remove him on March 30, 2010, effective that same day. Seda appealed to the Board.

The administrative judge ("AJ") upheld Seda's removal because the Army had demonstrated by a preponderance of the evidence that Seda provided a false statement and made a misrepresentation on a Federal employment form. The Board affirmed that finding, but remanded the case for consideration of Seda's defense of whistleblowing reprisal. On remand, the AJ considered and rejected Seda's defense. The AJ found that it was unclear that any disclosures Seda made to his Congressman, the Office of Special Counsel, and his supervisor were protected and that it was clear the Army had removed Seda based solely upon his misrepresentations. The AJ also assumed, *arguendo*, that even if he had made a protected disclosure, Seda failed to prove that it was a contributing factor in the decision to remove him. Based on these findings, the AJ affirmed Seda's removal. Seda filed a petition for review by the full Board.

On review, the Board affirmed the AJ's decision denying his whistleblower defense. The Board agreed with the AJ because none of the officials at the Army were aware of Seda's complaints to his Congressman or to the Offfice of Special counsel prior to the removal action. Seda appealed to this court. We have jurisdiction pursuant to and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can set aside the Board's decision only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

Seda spends a significant portion of his briefing discussing the circumstances surrounding his removal from his position at the Social Security Administration. He asserts that he was not removed for misconduct, but for performance reasons or other factors unrelated to misconduct. However, the propriety of his removal from the Social Security Administration is not within the scope of this appeal. It is the fact of his prior termination from the Social Security Administration, which Seda does not contest, that is relevant to the falsehood of his later misrepresentation to the Army. We thus decline to consider Seda's arguments regarding the details of his employment by the Social Security Administration.

As Seda does not contest the fact of his prior termination, the falsehood of his response to question 12 on his Declaration is likewise not in dispute. As the AJ found, Seda has not provided a credible explanation regarding how and why he answered question 12 in the negative. Instead, the AJ determined that Seda's intent to deceive could be inferred from the repeated omission of any

mention of his employment at and removal from the Social Security Adminstration on his Declaration and the two resumes he submitted to the Army. We see no error in that determination.

Turning to the penalty, Seda argues that the Board improperly applied the *Douglas* factors in considering whether his removal was a reasonable penalty under the circumstances. Seda contends that given his service record and lack of any evidence of intent, the removal penalty was overly harsh. In reviewing an agency's penalty decision, the Board is required to ascertain whether the agency has responsibly balanced the factors delineated in *Douglas v. Veterans Administration,* 5 MSPB 313, 5 M.S.P.R. 280, 305–06 (1981).

We conclude that the AJ properly considered and weighed all of the relevant *Douglas* factors in determining that the penalty of removal was reasonable, and this court "will not disturb a choice of penalty within the agency's discretion unless the severity of the agency's action appears totally unwarranted in light of all factors." *Lachance v. Devall,* 178 F.3d 1246, 1251 (Fed. Cir. 1999) (quoting *Mings v. Dep't of Justice,* 813 F.2d 384, 390 (Fed. Cir. 1987)). The AJ explained the *Douglas* factors and then examined whether the Army official considered them. The AJ noted that the Army official avowed that she had considered the *Douglas* factors and record evidence. In particular, the Army official considered the charges to be necessary given that Seda was hired for a human resources position and was unable to complete his own human resources paperwork. The Army official also found that removal was consistent with other penalties for similar misconduct. The Army official finally noted that the questions and instructions on the Declaration were clear and that there were no mitigating circumstances, feasible rehabilitation, or alternative sanctions. Based on these facts, the AJ concluded that removal was reasonable. We see no reason to

disturb that determination based on substantial evidence supporting it.

The only remaining dispositive issue in this case is whether the Army removed Seda in reprisal for protected whistleblowing. A federal employee may seek corrective action from the Board when personnel action has been taken in retaliation for a WPA-protected disclosure. *Fields v. Dep't of Justice*, 452 F.3d 1297, 1302 (Fed. Cir. 2006) (citing 5 U.S.C. § 1221(a)). "To prevail in a case of retaliation for whistleblowing under the WPA, an employee must show by a preponderance of the evidence that a protected disclosure was made and that it was a contributing factor in the personnel action." *Willis v. Dep't of Agric.*, 141 F.3d 1139, 1143 (Fed. Cir. 1998).

Seda alleges that the disclosures to his Army supervisor, his Congressman, and the Office of Special Counsel regarding his compensation and his supervisor's actions were protected disclosures and a contributing factor to his removal. However, the AJ found that disclosures to the Congressman and the Office of Special Counsel were merely vague conclusory assertions not rising to the level of a protected disclosure. Seda has not presented any evidence or argument to the contrary; thus, we see no reason to disturb that finding by the AJ. As the Board also correctly noted, the disclosure to Seda's supervisor about her own alleged wrongdoing was not protected. *See Huffman v. Office of Pers. Mgmt.*, 263 F.3d 1341, 1350 (Fed. Cir. 2001).

Moreover, regardless whether the disclosures to the Congressman and the Office of Special Counsel were protected, Seda has offered no evidence that the alleged disclosures were a factor contributing to his removal. Seda has not offered any evidence that any Army officials were aware of Seda's complaints to his Congressman or to the Office of Special Counsel prior to the initiation of the removal action. On the contrary, Seda's supervisor

avowed that she was unaware of the Congressional inquiry prior to the notice of proposed removal, and there is no other evidence that any Army official involved in the removal knew of the complaints to the Office of Special Counsel or the Congressman prior to the removal action. Therefore, there is no evidence in the record that the disclosure was a contributing factor in Seda's removal.

In sum, as there is no evidence of either a protected disclosure or that any such disclosure was a contributing factor in Seda's removal, the Board did not err in denying his defense of whistleblower reprisal.

We have considered Seda's remaining arguments and do not find them persuasive. We find no error in the Board's well reasoned decisions. Accordingly, we affirm.

**AFFIRMED.**